UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NEW YORK LIFE INSURANCE COMPANY, a New York mutual insurance company,<br><br>            Plaintiff-in-Interpleader,<br><br>   v.<br><br>TRAVIS KNOLES, and JOANNA CLARK, as custodian for M.J.K. and M.L.K.,<br><br>            Defendants-in-Interpleader. | NO: 12-CV-0084-TOR<br><br>ORDER RE: ATTORNEY FEES, COSTS, DISMISSAL WITH PREJUDICE, AND DISCHARGE OF LIABILITY |

BEFORE THE COURT are the Plaintiff's Motion for Attorney Fees and Costs (ECF No. 8), and Motion to Dismiss with Prejudice and Discharge Liability, (ECF No. 22). The Court has reviewed the motions, the supporting pleadings and is fully informed. Neither Defendant-in-Interpleader has contested the issues before the Court.

//

//

ORDER RE: ATTORNEY FEES, COSTS,
DISMISSAL WITH PREJUDICE, AND DISCHARGE OF LIABILITY ~ 1

**DISCUSSION**

Plaintiff New York Life Insurance Company filed this diversity based interpleader on February 3, 2012, to resolve competing claims to the proceeds of two whole life insurance policies. The proceeds have been deposited with the Clerk of Court and remain subject to the Court's jurisdiction to apportion. Plaintiff now seeks an award of attorney fees in the amount of $15,257.00 and costs in the amount of $391.60 for bringing this action and discharge from further liability.

The amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court. *Trustees of Directors Guild of America– Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000). The rationale for permitting the recovery of fees is that it would be inequitable to make the disinterested stakeholder bear the expense of guarding against vexatious and multiple litigation and the interpleader action benefits the claimants by facilitating an early determination regarding ownership of the claimed funds. *Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 190 (9th Cir. 1962). "[T]here is an important policy interest in seeing that the fee award does not deplete the fund at the expense of the party who is ultimately deemed entitled to it." *Tise*, 234 F.3d at 427. Compensable expenses include "preparing the complaint, obtaining service of process on the claimants to the fund, and preparing an order discharging the plaintiff from liability and dismissing it from the action."

ORDER RE: ATTORNEY FEES, COSTS,
DISMISSAL WITH PREJUDICE, AND DISCHARGE OF LIABILITY ~ 2

*Tise*, 234 F.3d at 426–27.  Because the scope of allowable expenses is limited, awards are typically modest.  *Id*. at 427.  Courts outside of the Ninth Circuit have denied attorneys' fees where the stakeholder is an insurance company because competing claims are part of the ordinary course of business for an insurance company and an interpleader action should not be utilized to transfer these ordinary business expenses to the claimants. *See, e.g., Aetna U.S. Healthcare v. Higgs*, 962 F.Supp. 1412, 1414–15 (D.Kan. 1997).

The Declaration of Tim D. Wackerbarth, ECF No. 28, asserts that the hourly rates charged range from $300 for the senior partner with 29 years of experience, $240 for the associate with 7 years of experience, and $190 for the paralegal with 21 years of experience. Counsel has provided the current biographical summary for these attorneys. Additionally, counsel has provided a detailed billing record showing a summary of the legal services rendered, who performed the work and how long it took them. Moreover, counsel has attested that the rate and amount of fees is commensurate with the rates charged by similar firms for similar services and is reasonable.

Based on the record before it, the Court finds the hourly rate of fees is reasonable and fair.  The second half of the equation is whether the number of hours expended is reasonable, i.e., not duplicative, unproductive, excessive or otherwise unnecessary, given the complexities of the case.

1    The Court has thoroughly reviewed the time records and has determined,
2  with the above legal principles in mind, the following entries were unproductive or
3  otherwise unnecessary to this litigation in the sense that they should not be charged
4  to the claimants' detriment:

5       1/27/2012    J.C.              2.60 hours
6       1/27/2012    T.W.              2.10 hours
7       1/29/2012    T.W.              1.40 hours
8       1/31/2012    J.C.              2.50 hours

9    These entries detailing repeatedly reading and analyzing the file material is
10  excessive or at minimum unproductive.  The 2/6/2012 entry for T.W. for .80 hours
11  to draft portion of complaint and email correspondence is excessive given the
12  complaint was actually filed three days earlier.  The 2/15/2012 entry for T.W. for
13  .30 hours concerning a strategy question on a 3rd policy does not appear to relate
14  to this case and is therefore not appropriate. Finally, from 2/28/2012 to 3/23/2012
15  there are five entries for J.C. totaling 14.4 hours relating to preparing the motion
16  for deposit of funds, attorney fees and supporting declaration.  As filed, the motion,
17  memorandum in support and declaration comprise 13 pages of pleadings.  ECF
18  Nos. 8, 10 and 11.  The Court finds the claimed hours to be excessive since the
19  senior partner reviewed all these same documents and billed for that, too.  The
20

ORDER RE: ATTORNEY FEES, COSTS,
DISMISSAL WITH PREJUDICE, AND DISCHARGE OF LIABILITY ~ 4

Court finds that 7.2 hours is reasonable to charge the fund for the less efficient associate's time.

The claim for costs in the amount of $391.60 appear reasonable and appropriate.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Attorney Fees and Costs (ECF No. 8) is **GRANTED in part**. Plaintiff is awarded $10,925.00 in attorney fees and $391.60 in costs. The Clerk of Court is directed to pay Plaintiff New York Life Insurance Company from the funds on deposit in this case.

2. Plaintiff's Motion to Dismiss with Prejudice and Discharge Liability, (ECF No. 22) is **GRANTED**. New York Life Insurance Company is hereby dismissed from this action with prejudice and discharged from all further liability to Defendants-in-Interpleader, as it has satisfied its obligations under the life insurance policies under which Defendants-in-Interpleader may be entitled to benefits.

3. Defendants-in-Interpleader are hereby enjoined from making any claim against New York Life and its affiliates and all of its present or former directors, officers, employees, agents and representatives with regard to New York Life Policy Nos. 46 265 501 and 46 646 387, or any benefit payable thereunder, or with

regard to the disbursement of the funds, or with regard to the handling of the claims to the benefits.

The District Court Executive is hereby directed to enter this Order, furnish copies to counsel and the Financial Administrator, and **CLOSE** the file.

**DATED** this 28th day of June, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge

ORDER RE: ATTORNEY FEES, COSTS,
DISMISSAL WITH PREJUDICE, AND DISCHARGE OF LIABILITY ~ 6