UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NEW YORK LIFE INSURANCE COMPANY, a New York mutual insurance company,<br><br>　　　　　Plaintiff-in-Interpleader,<br><br>　　v.<br><br>TRAVIS KNOLES, and JOANNA CLARK, as custodian for M.J.K. and M.L.K.,<br><br>　　　　　Defendants-in-Interpleader. | NO: 12-CV-0084-TOR<br><br>ORDER GRANTING STIPULATED MOTION FOR DISMISSAL OF ACTION AND TRANSFER OF FUNDS TO TRUST ACCOUNT |

　　　BEFORE THE COURT is the parties' Stipulated Motion for Dismissal of Action and Transfer of Funds to Trust Account (ECF No. 47). This matter is set to be heard December 30, 2012 without oral argument. There being no reason to delay, the Court enters the following order.

　　　Plaintiff New York Life Insurance Company filed this diversity based interpleader on February 3, 2012, to resolve competing claims to the proceeds of two whole life insurance policies. The proceeds have been deposited with the Clerk

ORDER GRANTING STIPULATED MOTION FOR DISMISSAL OF ACTION AND TRANSFER OF FUNDS TO TRUST ACCOUNT ~ 1

of Court and remain subject to the Court's jurisdiction to apportion.[1] The Defendants-in-Interpleader have now stipulated that this matter has been fully and finally settled by and between themselves and ask the Court to dismiss the action with prejudice, transfer the funds currently in the registry of the Court "in accordance with the stipulation and agreed order. . ." ECF No. 47.

A district court may retain jurisdiction over a settlement agreement in the order of dismissal or may incorporate the terms of the settlement agreement in the order of dismissal. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 381 (1994).  It is a district court's prerogative not to retain jurisdiction over the settlement agreement. *Id.* at 381-82.  Absent an express retention by a district court of jurisdiction to enforce a settlement agreement reached in a case pending before it, such "enforcement of the settlement agreement is for the state courts, unless there is some independent basis for federal jurisdiction." *Id.*  A federal court may refuse to exercise continuing jurisdiction even though the parties have agreed to it, because the parties cannot confer jurisdiction by stipulation or consent. *See e.g., Collins v. Thompson*, 8 F.3d 657, 659 (9th Cir. 1993).

---

[1] Less an amount awarded to the Plaintiff-in-Interpleader for costs and attorney fees.  ECF No. 29.

ORDER GRANTING STIPULATED MOTION FOR DISMISSAL OF ACTION AND TRANSFER OF FUNDS TO TRUST ACCOUNT ~ 2

In this case the parties have submitted a detailed settlement agreement addressing, inter alia, the disbursement of the life insurance proceeds, how those proceeds can be spent, and a detailed residential visitation schedule. That settlement agreement appears to consent to this Court's continuing jurisdiction, but also contemplates the intervention of the Spokane County Superior Court (ECF 47-1 at 4-5), a mutually agreeable arbitrator (ECF No. 47-1 at 8), and courts in Spokane County (ECF No. 47-1 at 8).

The Court in no way denigrates the terms of the parties' settlement of this matter, but declines to exercise continuing jurisdiction over the settlement agreement. Indeed, other than determining the proper distribution of the funds in this interpleader matter, the Court does not have an independent basis for exercising federal jurisdiction over most, if not all, the terms of the settlement agreement.

**Accordingly, IT IS HEREBY ORDERED**:

1. The parties' Stipulated Motion for Dismissal of Action and Transfer of Funds to Trust Account (ECF No. 47) is **GRANTED**.

2. All past claims, counterclaims and cross-claims of all kinds whatsoever, relating to the above-entitled lawsuit over New York Life insurance policies, shall be **DISMISSED** with prejudice and without cost to either party.

ORDER GRANTING STIPULATED MOTION FOR DISMISSAL OF ACTION AND TRANSFER OF FUNDS TO TRUST ACCOUNT ~ 3

3. The Clerk of Court is directed to deduct from the income earned on the funds on deposit, a fee as set by the Director of the Administrative Office and authorized by the Judicial Conference of the United States, 28 U.S.C. § 1914, and is then directed to disburse to attorney Eric R. Shumaker IOLTA Trust Account, 113 East Baldwin Avenue, Spokane, Washington 99207, all remaining funds on deposit.

4. All pending motions are **STRICKEN** and all deadlines and hearings are **VACATED**.

The District Court Executive is hereby directed to enter this Order, furnish copies to counsel, disburse the funds, and **CLOSE** the file.

**DATED** this 12th day of December, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge

ORDER GRANTING STIPULATED MOTION FOR DISMISSAL OF ACTION AND TRANSFER OF FUNDS TO TRUST ACCOUNT ~ 4